LLOYD v. MISSOURI, K. & T. RY. CO. OF TEXAS et al.

(Court of Civil Appeals of Texas. Austin. Feb. 28, 1912.)

1. RAILROADS (§ 113*) — CONSTRUCTION — TRACKS IN STREET—RIGHTS OF ADJOINING PROPERTY OWNER.

Where a railroad spur track was constructed in a public street, an owner of property fronting on the street could not recover damages therefor unless he showed an actual injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 230, 351–364; Dec. Dig. § 113.*]

2. RAILROADS (§ 114*)—SPUR TRACK—CONSTRUCTION IN STREET — ADJOINING PROPERTY OWNER—INJURIES—VERDICT.

Where the evidence as to whether plaintiff's property was injured or benefited by the construction of a railroad spur track in a street was conflicting, and that issue was the only one submitted to the jury which found for defendant, such verdict was in effect a special finding that plaintiff was not injured.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 365–371; Dec. Dig. § 114.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by E. W. Lloyd against the Missouri, Kansas & Texas Railway Company of Texas and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Geo. N. Denton and Alva Bryan, for appellant. Clark & Clark and O. L. Stribling, for appellees.

JENKINS, J. Appellant is the owner of a lot fronting on Jackson street, in Waco, Tex. The line of the Missouri, Kansas & Texas Railway Company has been located on said street for many years. The railway company extended a spur track on the east side of said street along the sidewalk from Eleventh street to within about 15 feet of appellant's property. Appellant brought this suit to enjoin appellees from maintaining said spur track, and for damages, alleging that said spur track was laid without any ordinance of the city of Waco authorizing the same, and that the construction of said track damaged his property, in that it prevented his use of the sidewalk in going from his property to Eleventh street, which was the route traveled by him in going to the city.

[1, 2] Appellant complains of the action of the court in admitting certain testimony relative to the alleged passage of an ordinance permitting the construction of said spur track. We do not deem it necessary to consider the assignments of error with reference to this matter for the reason that said spur track was constructed in a public street, and not on property of appellant, and unless appellant was damaged thereby he has no ground of complaint. The court peremptorily instructed the jury to find against appellant as to the injunction sought by him in this action, and submitted the issue to the jury as to his alleged damages, instructing the jury that if the value of appellant's property had been decreased by reason of the construction of said spur track, to find in his favor, otherwise to find for appellees. The evidence as to whether appellant's property was injured or benefited by the construction of said track—that is to say, whether it was increased or decreased in value—was conflicting. The jury upon this issue, which was the only one that was submitted to them, found against appellant. Appellant has not assigned any error as to the peremptory instruction of the court on the issue of injunction, nor has he assigned error as to the verdict of the jury being against or not supported by the evidence. The effect of said verdict being a special finding that appellant was not injured by the construction of said spur track, the proper judgment was rendered, without reference to whether or not the ordinance authorizing its construction upon said street was properly passed.

For the reasons herein stated, the judgment of the trial court is affirmed.

Affirmed.